**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **DORIS DAVIS,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | EP-23-CV-00287-KC |
| **EL PASO COUNTY, EL PASO MHMR** § | |
| **d/b/a EMERGENCE HEALTH** § | |
| **NETWORK,** § | |
| *Defendants*. § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant El Paso County's "Motion to Dismiss Plaintiff's Civil Complaint Under Rule 12(b)(6) for Failure to State a Claim for Relief" (ECF No. 4), filed on August 11, 2023, as well as Plaintiff Doris Davis's "Response and Opposition to Defendant El Paso County's Motion to Dismiss" (ECF No. 5). On August 29, 2023, United States District Judge Kathleen Cardone referred the motion to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of Appendix C to the Local Rules of the Western District of Texas. For the following reasons, the Court recommends that the County's motion be **GRANTED**.

### I. BACKGROUND[1]

On June 14, 2023, Davis sued Defendants El Paso MHMR d/b/a Emergence Health Network ("EHN") and the County (jointly "Defendants") in the 384th Judicial District Court in El Paso County, Texas, under Cause Number 2023DCV1932. (ECF No. 1:1.) Davis alleges that

---

[1] The Court herein recounts only the factual and procedural backgrounds that are relevant to the instant motion.

1

she was employed by Defendants from on or about April 22, 2021, to on or about April 8, 2022, when she was constructively discharged. (ECF No. 1-3:4–5.)

Davis claims that, on or about September 23, 2021, the Chief Executive Officer of EHN held a meeting where she specifically berated only Hispanic women working in the Human Resources department at the time. (*Id.* at 5.) After the meeting, Davis brought formal complaints of discrimination and harassment to the Director of Human Resources. (*Id.* at 6.) She was then stripped of her title and responsibilities, with a younger male employee taking over her role at EHN. (*Id.* at 6–8.)

During this same time period, Davis notified her superiors at EHN of her son's terminal illness and her need to take leave under the Family and Medical Leave Act ("FMLA") to care for him. (*Id.* at 9.) EHN denied her request for FMLA leave. (*Id.*) Davis alleges that the severe harassment she faced and the fact that she was not granted FMLA leave left her no choice but to resign her position. (*Id.* at 10.)

In her state-court petition, Davis alleges that Defendants: (1) discriminated against her due to her race in violation of Texas Labor Code Chapter 21; (2) discriminated against her due to her age in violation of Chapter 21; (3) retaliated against her for her opposition to Defendants' discrimination, also in violation of Chapter 21; (4) discriminated against her for her associational disability, due to having a son with a brain tumor, in violation of the Americans with Disabilities Act ("ADA"); and (5) retaliated against her by refusing to allow her to take leave under the FMLA to care for her son. (*Id.* at 11–19.) On August 4, 2023, EHN removed the instant case to this Court premised upon diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1367, 1441, 1446. (ECF No. 1.)

## II.   LEGAL STANDARDS

Rule 12(b)(6) provides for dismissal of a complaint when a defendant shows that the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, a "court accepts all well-pleaded facts as true and must consider those facts in the light most favorable to the plaintiff." *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018). But the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (internal quotes and citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint states a "plausible claim for relief" when the factual allegations contained therein allow the court to infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Further, in ruling on a 12(b)(6) motion, courts may consider "the facts stated in the complaint and the documents either attached to or incorporated in the complaint," as well as "matters of which [courts] may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996). "If. . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The decision as to whether an outside matter is accepted or excluded by the court is within the court's discretion. *O'Malley v. Brown Brothers Harriman & Co.*, No. SA-19-

CV-0010-JKP, 2020 WL 1033658, at *3 (W.D. Tex. Mar. 3, 2020) (quoting *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)). Rule 12(d) requires that, if the motion is converted, all of the parties "be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

### III.   DISCUSSION

The County alleges that it was never Davis's employer for the purposes of any of her claims. (*See* ECF No. 4.) The County asserts that EHN personnel are not employed by the County. (*Id.* at 3.) Further, the County asserts that it "does not have the legal right to, nor does it, control the working conditions of EHN, its facilities, or its personnel." (*Id.* at 5.) The County also argues that under the hybrid economic realities/common law control test generally applied in Title VII cases, it does not have the ability to "hire, fire, discipline, promote, evaluate, or dictate the duties of EHN." (*Id.*) Additionally, the County "may not dictate the manner in which the facilities supervisor supervises her employees. The facility supervisor [and] employees report to the CEO of [EHN]." (*Id.*) The County also asserts that it cannot be held liable under a theory of *respondeat superior*, "since EHN personnel are not the 'servant' of the County." (*Id.*) The County attached a Second Amendment to Interlocal Agreement as Exhibit 1 ("Agreement") of its motion. (*See* ECF No. 4-1.) The Agreement appears to be a contract between the County and El Paso County Hospital District, establishing EHN. (ECF No. 4-1:2.)

Davis responds that "discovery is clearly required" before the County can assert that it was not an employer of Davis. (ECF No. 5:2.) Davis also argues that using the Agreement "as a basis for dismissal is inappropriate," because the Agreement is an extrinsic matter that should not be considered by the Court on a 12(b)(6) motion and further is not dispositive of the matter. (*Id.* at

4.) Davis requests "the ability to conduct discovery on her claims in order to develop a full record." (*Id.* at 5.)

As an initial matter, the Court may not consider the Agreement at this posture. In ruling on a motion to dismiss, courts must limit their inquiry to the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *See, e.g.*, *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations omitted). However, Davis never refers to the Agreement in her petition. (*See* ECF No. 1-3.)

Further, the agreement is not a matter of which the Court can take judicial notice. Federal Rule of Evidence 201 allows for judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is proper on a Rule 12(b)(6) review for a court to take "judicial notice of public records directly relevant to the issue in dispute." *Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859, 871 (S.D. Tex. 2020) (quoting *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Tex.*, 260 F. Supp. 3d 738, 757 (S.D. Tex. 2017)). In order to be a public record, the document in question must be publicly available. *See, e.g., Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 325 (E.D. Tex. 2021) (court would not take judicial notice of body camera footage because such footage is not a public record); *Tucker v. Waffle House*, No. 12–2446, 2013 WL 1588067, at *7 (E.D. La. Apr. 11, 2013) (court refused to take judicial notice of an EEOC transmittal letter, because the letter never became "publicly available").

Here, the Agreement as presented by the County does not appear to be publicly available. Only an unsigned version of the document appears on the El Paso County website.[2] Since a signed version of the Agreement is not publicly available, the Court will not consider the Agreement a public record and will not take judicial notice of it. Accordingly, the Court declines to consider the Agreement in ruling on the County's motion to dismiss.

The Court now turns to the County's pleading sufficiency challenges to Davis's claims.

**A. Davis's Claims Under Chapter 21 and the ADA**

Three of Davis's claims arise under Chapter 21, formerly known as the Texas Commission on Human Rights Act ("TCHRA"). The TCHRA was meant to parallel Title VII, so the same analysis can be used for Chapter 21 cases as for Title VII ones. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999).

To survive a motion to dismiss, a Title VII plaintiff must "plausibly allege" that there is an employment relationship between the plaintiff and defendant. *Brown v. City of Anna City Hall*, No. 4:22-CV-00571-ALM-CAN, 2023 WL 2583976, at *3 (E.D. Tex. Feb. 22, 2023), *report and recommendation adopted*, 2023 WL 2574022 (E.D. Tex. Mar. 20, 2023). To determine an employer-employee relationship under Title VII, there is a two-step process: (1) determining whether the defendant falls within the statutory definition of an employer, and (2) determining whether an employment relationship exists between the plaintiff and defendant. *Muhammad v. Dallas Cnty. Supervision & Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007). The Fifth Circuit uses the "hybrid economic realities/common law control test" to determine whether an employment relationship exists for the purposes of Title VII claims. *Deal v. State Farm Cnty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118–19 (5th Cir. 1993). This test focuses on whether the alleged employer has

---

[2] *El Paso County Commissioners Court, Regular Meeting Agenda 1/24/2011, Item 48*, EL Paso County, http://www.epcounty.com/meetings/commcourt/2011-01-24/agenda.htm (last visited Sept. 11, 2023).

the right to hire and fire, supervise, and set the work schedule of the employee, as well as whether the alleged employer pays the employee's salary, provides benefits, and sets out the terms and conditions of employment. *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir. 2015). "The most important component of this test is '[t]he right to control [the] employee's conduct.'" *Muhammad*, 479 F.3d at 380 (quoting *Deal*, 5 F.3d at 119). Whether a defendant is an employer for purposes of the ADA also requires using the hybrid economic realities/common law control test. *Burton*, 798 F.3d at 227.

Here, Davis has not provided any facts to support her allegation that the County is her employer. Her petition does not address whether the County had the right to hire and fire her, whether anyone from the County supervised her, or whether the County had some control over her work schedule. It also does not state whether the County paid her salary, provided benefits, or set out the terms and conditions of her employment. (*See* ECF No. 1-3.) Davis's only assertions are that she was employed by the County and that EHN "is a department" of the County. (*Id.* at 1–3.) Without any factual allegations to back up her assertion that the County was her employer, Davis has not stated a plausible claim for relief.

**B. Davis's FMLA Claim**

A similar test is used for employment under FMLA: the courts consider "whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Harville v. Tex. A&M Univ.*, 833 F. Supp. 2d 645, 654 (S.D. Tex. 2011) (quoting *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)). "The ultimate question for determining employer status is "whether an alleged employer had 'supervisory authority over the complaining employee.'" *Acker v. General Motors LLC*, No. 4:15-

CV-706-A, 2015 WL 8482306, at *2 (N.D. Tex. Dec. 8, 2015) (quoting *Shores v. United Cont'l Holdings, Inc.*, No. H-13-2745, 2015 WL 136619, at *3 (S.D. Tex. Jan. 7, 2015)).

Courts in this Circuit have also looked at Rule 12(b)(6) motions involving claims under the Fair Labor Standards Act ("FLSA"), which uses a virtually identical definition of an "employer" as the FMLA. *Modica v. Taylor*, 465 F.3d 174, 186–87 (5th Cir. 2006) ("[D]ecisions interpreting the FLSA offer the best guidance for construing the term 'employer' as it is used in the FMLA."). When alleging that he was employed by multiple defendants, a FLSA plaintiff must provide the court with factual allegations about which defendant did what. *Escobedo v. Metal Protective Coating Professionals, Inc.*, No. 4:13-CV-2405, 2013 WL 6504675 at *2 (S.D. Tex. Dec. 11, 2013). Plaintiffs need to give "factual allegations as to how the events that gave rise to this lawsuit were allocated between the . . . [d]efendants" and also "describe how [their] employment was handled generally." *Id.*

Davis has failed to state sufficient factual allegations to establish that the County was her employer for purposes of alleging an FMLA violation. Davis has not provided any facts showing that the County had the power to hire and fire her, supervised her, paid her, or maintained her employment records. Again, without these or similar facts, Davis has not stated a plausible claim for relief against the County for an FMLA violation.

### C. Leave to Amend

"[A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). A court should grant leave to amend when dismissing a claim "unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.* "[D]istrict courts often afford plaintiffs

at least one opportunity to cure pleading deficiencies before dismissing a case." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Here, the defect in Davis's pleading is not incurable, and Davis has not yet sought to amend her original state-court petition. Thus, the Court believes that Davis should be granted an opportunity to amend.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant El Paso County's Motion to Dismiss Plaintiff's Civil Complaint Under Rule 12(b)(6) for Failure to State a Claim for Relief (ECF No. 4) be **GRANTED**. Accordingly, the Court **RECOMMENDS** that Plaintiff's claims against El Paso County be **DISMISSED but with leave to amend her complaint to cure the pleading deficiencies discussed above.**

**SIGNED** this 26th day of September, 2023.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**