IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **DORIS DAVIS,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | EP-23-CV-00287-KC |
| **EL PASO COUNTY, EL PASO MHMR** § | |
| **d/b/a EMERGENCE HEALTH** § | |
| **NETWORK,** § | |
| *Defendants*. § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant El Paso County's ("County") "Motion to Dismiss Plaintiff's Amended Complaint Under Rule 12(b)(6) for Failure to State a Claim for Relief" (ECF No. 14), filed on October 18, 2023. On October 19, 2023, the Honorable United States District Judge Kathleen Cardone referred the motion to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the Court recommends that the County's motion be **GRANTED**.

### I.   BACKGROUND

On June 14, 2023, Plaintiff Doris Davis ("Plaintiff") sued Defendants El Paso MHMR d/b/a Emergence Health Network ("EHN") and the County (jointly "Defendants") in the 384th Judicial District Court in El Paso County, Texas, under Cause Number 2023DCV1932. Def. EHN's Notice of Removal 1, ECF No. 1. Plaintiff alleges that she was employed by Defendants from on or about April 22, 2021, to on or about April 8, 2022, when she was constructively discharged. Pl.'s Original Petition 4–5, ECF No. 1-3.

Plaintiff claims that, on or about September 23, 2021, the Chief Executive Officer of EHN held a meeting where she specifically berated only Hispanic women working in the Human

Resources department at the time. *Id.* at 5. After the meeting, Plaintiff brought formal complaints of discrimination and harassment to the Director of Human Resources. *Id.* at 6. She was then stripped of her title and responsibilities, with a younger male employee taking over her role at EHN. *Id.* at 6–8.

During this same time, Plaintiff notified her superiors at EHN of her son's terminal illness and her need to take leave under the Family and Medical Leave Act ("FMLA") to care for him. *Id.* at 9. EHN denied her request for FMLA leave. *Id.* Plaintiff alleges that the severe harassment she faced and the fact that she was not granted FMLA leave left her no choice but to resign her position. *Id.* at 10.

In her state-court petition, Plaintiff alleges that Defendants: (1) discriminated against her due to her race in violation of Texas Labor Code Chapter 21; (2) discriminated against her due to her age in violation of Chapter 21; (3) retaliated against her for her opposition to Defendants' discrimination, also in violation of Chapter 21; (4) discriminated against her for her associational disability, due to having a son with a brain tumor, in violation of the Americans with Disabilities Act ("ADA"); and (5) retaliated against her by refusing to allow her to take leave under the FMLA to care for her son. *Id.* at 11–19. On August 4, 2023, EHN removed this case to this Court premised upon federal question and supplemental jurisdiction. Def. EHN's Notice of Removal; *see* 28 U.S.C. §§ 1331, 1367, 1441, 1446.

The County filed its first motion to dismiss (ECF No. 4) on August 11, 2023. After reviewing the motion, this Court recommended that Plaintiff's claim against the County be dismissed but that Plaintiff be given leave to amend her complaint. R. & R., ECF No. 7. Plaintiff filed her first amended complaint, Pl.'s First Am. Compl. [hereinafter, "Compl."], ECF No. 13, on October 11. The County subsequently filed this motion to dismiss on October 18. Def. County's

Mot. to Dismiss Pl.'s Am. Compl. Under Rule 12(b)(6) for Failure to State a Claim for Relief [hereinafter, "Mot. to Dismiss"], ECF No. 14. On October 31, Plaintiff filed her response, Pl.'s Resp. and Opp'n to Def. County's Second Mot. to Dismiss [hereinafter, "Pl.'s Resp."], ECF No. 15.

## II.     LEGAL STANDARDS

Rule 12(b)(6) provides for dismissal of a complaint when a defendant shows that the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, a "court accepts all well-pleaded facts as true and must consider those facts in the light most favorable to the plaintiff." *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018). But the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (internal quotes and citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint states a "plausible claim for relief" when the factual allegations contained in it allow the court to infer actual misconduct by the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

## III.     DISCUSSION

**A. Plaintiff's Texas Labor Code and ADA Claims**

The County's sole argument is that EHN employees are not also employees of the County. Mot. to Dismiss ¶ 17. The County asserts that, under the hybrid economic realities/common law control test, it has no control over EHN employees. *Id.* at ¶ 26–27. In other words, the County cannot "hire, fire, discipline, promote, evaluate or dictate the duties of EHN." *Id.* at ¶ 27.

The County also points to paragraph X of the "Second Amendment to Interlocal Agreement" ("Amendment") attached as an exhibit to Plaintiff's first amended complaint. *Id.* at ¶ 28 (citing Compl. 43). The Amendment is an agreement between the County and the El Paso County Hospital District ("Hospital District"), establishing EHN. Paragraph X states that "[n]othing contained herein shall be construed as creating the relationship of employer and employee between the County or the Hospital District and [EHN], its officers, agents, servants, or employees." Compl. 43. The Court notes that this language is not dispositive: what matters is the reality of the relationship between the two parties. *See, e.g., Mason v. Helping Our Seniors, LLC*, No. SA-21-CV-00368-ESC, 2022 WL 7380059, at *4 (W.D. Tex. Oct. 13, 2022) (despite employer's classification of caregivers as independent contractors, they were still considered employees under Title VII[1] because of the control exerted by the employer over their work).

1. <u>The Joint or Single Employer Theories</u>

Plaintiff relies on language in the same Amendment to argue that the County and EHN were "co-employer[s]" of Plaintiff. Pl.'s Resp. 5–6; Compl. 2–3. Plaintiff emphasizes that the Board of Trustees that manages EHN is appointed by the County and the Hospital District. Pl.'s

---

[1] Chapter 21 of the Texas Labor Code (often also referred to as the Texas Commission on Human Rights Act ["TCHRA"]) is the state equivalent of Title VII, and the Fifth Circuit has held that cases interpreting Title VII "guide [its] reading of the TCHRA." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012). The Texas Supreme Court has also "instructed courts to consult judicial interpretations of Title VII and follow the approach of the United States Supreme Court in interpreting Title VII when reviewing TCHRA claims." *Esparza v. Advanced Network Management, Inc.*, No. EP-21-CV-199-KC, 2023 WL 5419810, at *3 (W.D. Tex. Aug. 22, 2023) (citation omitted) (cleaned up).

4

Resp. 5–6; Compl. 2–3. "As such, the governance, management, and administration of [EHN] are controlled by [the] County, to the extent the County nominates, approves and appoints the individuals that govern [EHN] via its Board of Trustees." Compl. 3. Plaintiff also claims that EHN "is a department of" the County. *Id.* at 4.

Plaintiff appears to be asserting that the County and EHN can be considered joint employers or a single employer of Plaintiff. When considering whether a defendant can be considered a joint employer, courts "look to the control one defendant has over the other's labor relations." *Karagounis v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 168 F.3d 485, No. 97-50587, 1999 WL 25015, at *2 (5th Cir. Jan. 5, 1999). There are four factors to use to determine whether two defendants are a single employer: "(1) interrelation of operations; (2) centralized control of labor relations; (3) common management; (4) and [sic] common ownership or financial control." *Id.* Plaintiff asserts that the County exerts control over "the governance, management, and administration of" EHN through its control over who is appointed to the Board of Trustees, Compl. 2–3, which, presumably, addresses the County's control over EHN's labor relations and the other relevant factors. However, the Fifth Circuit has held that neither the joint nor single employer theory can be applied to defendants that are government subdivisions, such as a county. *Dumas v. Town of Mount Vernon, Ala.*, 612 F.2d 974, 980 n.9 (5th Cir. 1980); *Karagounis*, 1999 WL 25015, at *2.[2] The joint and single employer theories cannot be used here.

2. The Hybrid Economic Realities/Common Law Control Test

Determining whether a defendant is an employer under Title VII is a two-step process. *Muhammad v. Dallas Cnty. Cmty. Supervision and Corr. Dep't*, 479 F.3d 377, 380 (5th Cir. 2007).

---

[2] *Dumas* only addresses the single employer theory. *Karagounis*, which states that a joint employer theory cannot be applied to government subdivisions, is an unpublished opinion, and thus not binding. Despite this, "district courts in this circuit have held, nearly uniformly, that [the joint and single employer] doctrines do not apply to governmental entities." *Canon v. Bd. of Trs. of State Insts. of Higher Learning of Miss.*, 133 F. Supp. 3d 865, 870 (S.D. Miss. 2015).

5

The first step is whether the defendant falls within the statutory definition of an "employer." *Id.* The second step is to determine whether an employment relationship exists with the plaintiff. *Id.* The test used by the Fifth Circuit to determine whether a defendant is an employee for Title VII is the hybrid economic realities/common law control test. *Deal v. State Farm Cnty. Mut. Ins. Corp. of Tex.*, 5 F.3d 117, 118–19 (5th Cir. 1993). "The right to control an employee's conduct is the most important component of this test." *Id.* at 119. The control component of the test requires courts to look at "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* The other component of the test, economic realities, requires courts to consider "whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.*

In *Robertson v. Recreation and Park Comm'n*, No. 09-356-JVP-CN, 2009 WL 3241798 (M.D. La. Oct. 2, 2009), the court dismissed the plaintiff's Title VII claims against the City of Baton Rouge and the Parish of East Baton Rouge after they filed a 12(b)(6) motion to dismiss. The plaintiff was employed by the Recreation and Parks Commission for the Parish of East Baton Rouge ("BREC"). *Id.* at *1. Under BREC's enabling legislation, it had "full power to adopt and promulgate rules and regulation and . . . the authority to tax, impose and collect property taxes, and have its own policy-making board." *Id.* at *2. BREC did not need to seek approval by the metropolitan council before making any final decisions. *Id.* The defendants pointed out that BREC is its own political subdivision, not an agency of the city or parish. *Id.*

In a case in Texas, the court determined that a reasonable jury might conclude that the defendant, Navarro County, was the employer of the plaintiff, even though the plaintiff also worked for the Texoma High Intensity Drug Trafficking Areas ("HIDTA") program. *Milteer v.*

6

*Navarro County, Tex.*, No. 3:21-CV-2941-D, 2023 WL 3575626, at *5 (N.D. Tex. May 19, 2023). The plaintiff produced evidence that Navarro County paid his salary and issued his W-2 form, fired him, and managed his retirement benefits. *Id.* at *4. Navarro County, on the other hand, argued that it simply processed the plaintiff's payroll as an administrator and that it fired the plaintiff solely on the recommendation of the HIDTA Executive Board. *Id.* The court concluded that there was enough evidence that Navarro County was the entity that hired and fired the plaintiff, and that Navarro County "did represent, or at least appeared to represent, on several occasions that it was" the plaintiff's employer, to defeat Navarro County's motion for summary judgment. *Id.* at *5.

The County falls within the statutory definition of an employer under the Texas Labor Code, as the definition includes "a county, municipality, state agency, or state instrumentality, regardless of the number of individuals employed." Tex. Lab. Code § 21.002(8)(D). Plaintiff asserts in her complaint that the Board of Trustees that manages EHN is chosen by both the County and the Hospital District. The County has three appointments to the seven-member board, the Hospital District has three, and the last appointment is made by the County Judge and the Chair of the Hospital District Board of Managers. Compl. 2–3. Plaintiff states that EHN's "right to hire and fire employees, supervise employees, and set the work schedule of its employees is overseen by its Board of Trustees who are elected by" the County. *Id.* at 12–13. Plaintiff also asserts that EHN's "ability to set employee's [sic] salary, provide benefits to its employees, and set out the terms and conditions of employment for its employees are identically monitored and controlled by its Board of Trustees." *Id.* at 13.

As evidence of this, Plaintiff points to the Amendment, *Id.* at 2, which states that the Board of Trustees is responsible for the administration of EHN. *Id.* at 40. Plaintiff also provides the

7

agenda for the Board of Trustees' meeting on September 28, 2023, which includes items for reviewing EHN financials, reviewing current EHN operations, reviewing the EHN CEO's evaluation and compensation, and discussing EHN's future strategic plans. *Id.* at 45–46.

This, however, is only evidence that the Board of Trustees exerts control over EHN employees, and not that the County itself has any control. The County appoints less than half of the members of the board. The members also do not have to be County employees at all: they can be either members of the County's "governing bod[y]" or any "qualified voter[] of El Paso County." *Id.* at 36. The County does have the ability to remove members of the board that it originally appointed, but only for certain reasons and only when accompanied by an open hearing. *Id.* at 39.

This case is similar to *Robertson* in that EHN, as a community center, is a unit of local government and a political subdivision. Tex. Health & Safety Code § 534.001(c). EHN's Board of Trustees makes policies and procedures for EHN, and there is no evidence that it has to seek the County's approval. *See* Compl. 45–46 (a copy of EHN's Board of Trustee's agenda, showing that the Board reviews "current EHN operations" and strategic plans, as well as approving interlocal agreements). As seen in *Milteer*, Plaintiff could allege that she was an employee of the County if the County hired and fired her, issued her W-2, or held itself out as her employer. Plaintiff has not alleged anything similar here. Even when taking all of Plaintiff's allegations as true, Plaintiff has not plausibly alleged any facts that could establish that the County is the employer of EHN personnel. Thus, the Court recommends that Plaintiff's claims against the County under Chapter 21 of the Texas Labor Code be dismissed.

Employment under the ADA follows the same hybrid economic realities/common law control test, *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir. 2015), so the

Court's analysis is the same. The Court recommends that Plaintiff's ADA claim against the County be dismissed.

### B. Plaintiff's FMLA Claim

Under the FMLA, the courts consider "whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Harville v. Tex. A&M Univ.*, 833 F. Supp. 2d 645, 654 (S.D. Tex. 2011) (quoting *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)). "The ultimate question for determining employer status is "whether an alleged employer had 'supervisory authority over the complaining employee.'" *Acker v. General Motors LLC*, No. 4:15-CV-706-A, 2015 WL 8482306, at *2 (N.D. Tex. Dec. 8, 2015) (quoting *Shores v. United Cont'l Holdings, Inc.*, No. H-13-2745, 2015 WL 136619, at *3 (S.D. Tex. Jan. 7, 2015)).

In *Harville*, the court concluded that two of the defendants were not the plaintiff's employers under the FMLA, and granted their motions for summary judgment, because "[n]either . . . had the authority to exercise any independent control over whether the plaintiff could take leave. . . . They did not supervise the plaintiff's day-to-day duties or activities, nor did they have the authority to control [the other defendant's] compliance with the FMLA." 833 F. Supp. 2d at 654–55.

On the other hand, the plaintiff alleged enough to survive a 12(b)(6) motion to dismiss in a case in which he specifically alleged that the defendants terminated his employment. *Barnett v. Eckel Mfg. Co.*, No. 7:16-CV-001110FM-LS, 2017 WL 11037927, at *2 (W.D. Tex. Jan. 19, 2017), *report and recommendation adopted*, No. MO-16-CV-00111-FM-LS, 2017 WL 11037926 (W.D. Tex. Feb. 9, 2017). He also alleged that the defendants in question were the ones that

9

approved his requests for FMLA leave. *Id.* These allegations were enough to make his claims plausible and defeat a motion to dismiss.

In this case, Plaintiff has not alleged that the County had any control over whether Plaintiff could take FMLA leave. Plaintiff has also not alleged that the County supervised her day-to-day duties or activities. Thus, the Court recommends that Plaintiff's FMLA claim against the County be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendant El Paso County's Motion to Dismiss Plaintiff's Amended Complaint Under Rule 12(b)(6) for Failure to State a Claim for Relief (ECF No. 14) be **GRANTED**.

**SIGNED** this 16th day of November, 2023.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**